Harper, J.
we are clear that the motion in arrest of judgment, must be granted. The Act of Congress of 1802, is express that the oath of the applicant shall, in no case, be allowed to prove his residence. It might be argued, as in the case of Vanstenburgh v. Kortz, 10 Johns. 175, in which an attachment was granted on the oath of the party, who was not competent to make it, that if a witness incompetent from interest or any other cause is sworn on a trial, or if a party be examined in his own cause and swear falsely, he is no less guilty of peijury than the most competent witness. This is true, but 1 cannot suppose that the oath of the defendant was received in support of his application. It is made the duty of the Court not to receive it — other evidence, such as the act allows, was annexed to the- application ; and I cannot suppose that the Court at all considered the defendant’s oath, or that it had any effect in supporting the application. It was merely voluntary and impertinent; as if a party filing a declaration in the Court of Common Pleas, should think proper to make oath of its truth. The motion in arrest of judgment is granted.
Johnson & O’Neall, Js. concurred.